IRVING, J.,
dissenting:
¶ 12. With respect, I must dissent from the majority opinion, which reverses and renders the Washington County Circuit Court’s judgment denying Luttreal D. Allen’s motion to vacate the order revoking his post-release supervision. In my judgment, the majority has misinterpreted the effect of Allen’s initial sentencing order, thereby leading to the erroneous finding that the circuit court was without jurisdiction to revoke Allen’s post-release supervision. For the reasons that I will explain below, I would affirm the order of the circuit court revoking Allen’s post-release supervision and sentencing him to serve three years in the custody of the Mississippi Department of Corrections.
¶ 13. On May 23, 2005, pursuant to a plea agreement between Allen and the State, Allen pleaded guilty to possession of less than one ounce of marijuana with intent to sell, transfer, or distribute. The circuit court sentenced Allen as follows:
*454 for said crime of possession of Marihuana with [i]ntent [l]ess than 1 oz[,] the defendant Luttreal D. Allen, shall be sentenced to three (B) years [p]ost-[r]e-lease [supervision to be served as if on [supervised [probation under the direction of the Mississippi Department of Corrections Probation and Parole Office .... The Defendant shall comply with all conditions required by the laws of the State of Mississippi for [probation as well as the following....
¶ 14. It is noteworthy that the circuit court did not sentence Allen to a period of incarceration, which is a requirement for post-release supervision. Miss.Code Ann. § 47-7-34(1) (Rev.2004).[4] In his petition to enter a plea of guilty, Allen stated that he had not been convicted of a prior felony in Mississippi and had not been on probation or parole. Therefore, Allen was eligible to receive a suspended sentence and be placed on probation, not post-release supervision. I would interpret the use of the phrase “post-release supervision” in the sentencing order as a scrivener’s error since Allen was not sentenced to a period of incarceration. It seems clear to me that the intent of the circuit court was to suspend Allen’s sentence of three years and place him on probation rather than post-release supervision.
¶ 15. In the order revoking Allen’s post-release supervision, the circuit court stated:
That by order dated May 23, 2005, said defendant was sentenced to serve a term of three (3) years in [the] custody of the Mississippi Department of Corrections, and the Court, pending the defendant’s good behaviorf,] placed the defendant on [p]ost-[r]elease [supervision for a period of three (3) years.
Again, it is clear from the passage quoted above from the revocation order that while the circuit court used the phrase “post-release supervision,” it really meant probation. A circuit court may sentence a defendant to a term of incarceration but suspend the execution of the sentence and place the defendant on probation, provided that the defendant meets certain requirements as set forth and contained in Mississippi Code Annotated section 47-7-33(1) (Rev.2004), which reads as follows:
When it appears to the satisfaction of any circuit court or county court in the State of Mississippi, having original jurisdiction over criminal actions, or to the judge thereof, that the ends of justice and the best interest of the public, as well as the defendant, will be served thereby, such court, in term time or in vacation, shall have the power, after conviction or a plea of guilty, except in a case where a death sentence or life imprisonment is the maximum penalty which may be imposed or where the defendant has been convicted of a felony on a previous occasion in any court or courts of the United States and of any state or territories thereof, to suspend the imposition or execution of sentence, and place the defendant on probation as herein provided, except that the court shall not suspend the execution of a *455 sentence of imprisonment after the defendant shall have begun to serve such sentence. In placing any defendant on probation, the court, or judge, shall direct that such defendant be under the supervision of the Department of Corrections.
(Emphasis added).
¶ 16. As stated, according to Allen’s petition to enter a plea of guilty, he had not been convicted of a felony in this state. The record does not inform us whether he had been convicted of a felony in any other state. My assumption is that he had not, thereby making him eligible for a suspended sentence and probation. If he was eligible for probation during the initial sentencing, as it appears he was, then the circuit court certainly had the authority and jurisdiction to extend his probationary period for an additional year after he was found to have violated the terms of his initial probation for failing to pay court-ordered assessments and supervision fees.[5] It necessarily follows that when he violated his probation during the fourth year, or during the extended year, of probation by being in possession of cocaine, the circuit court possessed the jurisdiction to revoke his probation and sentence him to the original three-year term of incarceration.
¶ 17. For the reasons presented, I dissent. I would affirm the judgment of the circuit court.

. This section reads as follows:
When a court imposes a sentence upon a conviction for any felony committed after June 30, 1995, the court, in addition to any other punishment imposed if the other punishment includes a tenn of incarceration in a state or local correctional facility, may impose a term of post-release supervision. However, the total number of years of incarceration plus the total number of years of post-release supervision shall not exceed the maximum sentence authorized to be imposed by law for the felony committed. The defendant shall be placed under post-release supervision upon release from the term of incarceration. The period of supervision shall be established by the court. (Emphasis added).

. Mississippi Code Annotated section 47-7-37 (Supp.2010) provides: "The period of probation shall be fixed by the court, and may at any time be extended or terminated by the court, or judge in vacation. Such period with any extension thereof shall not exceed five (5) years....” (Emphasis added).